UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**CLAUDE COX**                                                                                   **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:12CV-P182-R**

**HOPE GRESHAM**                                                                          **DEFENDANT**

## MEMORANDUM AND ORDER

Plaintiff Claude Cox filed a *pro se* civil complaint. This matter is before the Court on Plaintiff's application to proceed without prepayment of fees (DN 3).

Section 1915 of Title 28 of the United States Code governs proceedings *in forma pauperis*. That statute provides in pertinent part as follows:

> (g) In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). The only exception to the limitation noted in the statute is if "the prisoner is under imminent danger of serious physical injury." *Id.*

Plaintiff has filed numerous civil actions while incarcerated in the Commonwealth of Kentucky, and at least three of those actions were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Cox v. Parke et al.*, Civil Action No. 3:92CV-214-S; *Cox v. Combs et al.*, Civil Action No. 3:92CV-219-M; and *Cox v. Parke et al.*, Civil Action No. 3:92CV-257-S. Despite the fact that many of Plaintiff's actions were dismissed prior to the effective date of the Prison Litigation Reform Act and the resulting amendments to § 1915, those actions may be counted toward the commonly called "three strikes" provision of § 1915(g). *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998).

As to the "imminent danger" exception, a prisoner must show "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The "'threat or prison condition [must be] real and proximate,'" *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)), and "the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). "Allegations of past harm do not suffice." *Ciarpaglini*, 352 F.3d at 330.

Plaintiff alleges in his complaint that on November 27, 2012, at around 8:00 p.m. he was having a seizure; that Defendant Nurse Gresham was called; and that she stated Plaintiff "was fine" and does not have seizures. He claims that his condition is documented in medical files. He states that he feels as though Nurse Gresham placed his life in danger because she did not check his blood pressure, heart beat, or breathing. Plaintiff further alleges that when Nurse Gresham left his cell she "started making fun" of him and stated that he was fine. He also states that she lied in a write up that he did not have any seizures and that the write up was later dismissed. He states that he feels his rights have been violated and that he has a witness of the incident.

Plaintiff alleges only one incident of past harm by Nurse Gresham and fails to allege any ongoing serious physical injury or pattern of misconduct showing that he is under imminent danger of serious physical injury. Section 1915(g), therefore, applies, and Plaintiff is prohibited from proceeding *in forma pauperis*. Consequently,

**IT IS ORDERED** that the application to proceed without prepayment of fees (DN 3) is DENIED.  **Plaintiff must pay the requisite $350.00 filing fee for the instant action within 30 days of entry of this Order**.

The check should be made payable to **Clerk, U.S. District Court** and sent to the following address:

> Office of the Clerk
> United States District Court
> Western District of Kentucky
> 106 Gene Snyder U. S. Courthouse
> 601 West Broadway
> Louisville, Kentucky 40202-2249

**Plaintiff is WARNED that his failure to comply with this Order within the time allotted will result in dismissal of the action and his continued responsibility for payment of the $350.00 filing fee.**  *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.").

The **Clerk of Court is DIRECTED to open an account** for the payment of the filing fee.

Date:

cc:     Plaintiff, *pro se*
        Financial Section, USDC, WDKY
        KSP, Attn: Inmate Accounts #155616, 266 Water Street, Eddyville, KY 42038
4413.005